REQUESTED BY: Senator Harold F. Sieck Nebraska State Legislature State Capitol Box 24 Lincoln, NE 68509
Dear Senator:
This is in response to your letter of April 11, 1985. In that letter you ask whether the state could rebuild the All Faiths Chapel at the Nebraska Center for Women in York should it be destroyed, or in the alternative whether the state could appropriate funds to insure the same. As you point out state buildings are normally self-insured. This chapel is presently being constructed with private donations but will apparently become state property.
Your question is premised on the proposition that theFirst Amendment principle of separation of church and state prevented the construction of such a facility with state funds. We do not believe that this underlying proposition is necessarily correct. The First Amendment to the United States Constitution provides merely that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; . . ." Of course this principle applies to the states as well.
The question is simply one of whether the construction of a non-denominational facility for the voluntary use of inmates at a state correctional facility with state funds constitutes the establishment of a religion. Federal case law would indicate that it does not. In Cruz v. Beto,405 U.S. 319 (1972), Judge Rehnquist in his dissent noted as follows:
 Under the First Amendment, of course, Texas may neither "establish a religion" nor may it "impair the free exercise" thereof. Petitioner alleges that voluntary services are made available at prison facilities so that Protestants, Catholics, and Jews may attend church services of their choice. None of our prior holdings indicates that such a program on the part of prison officials amounts to the establishment of a religion.
Id. at 323-24. Likewise, in O'Hair v. Andrus, 613 F.2d 931
(D.C. Cir. 1979), the court found that some use of public property for religious services may occur without constituting an establishment of religion. In so doing the court noted that "the Naval Academy can properly provide a chapel for voluntary religious worship, notwithstanding the accessibility of Annapolis and its churches." Id at 937. See also Anderson v. Laird, 466 F.2d 283 (D.C. Cir. 1972), in which Judge Leventhal indicated that the rulings upon military chaplains justify any other aid involved in making Sunday chapel available on a voluntary basis.
The same logic that is true for military chapel facilities would apply equally to such facilities at state correctional institutions where individuals are also restricted in their ability to attend religious services outside these institutions. Merely, making a facility available, on a non-denominational basis, for the voluntary use of such individuals in the exercise of their religious beliefs would not appear to constitute the establishment of a religion as prohibited by the First Amendment. Consequently, if the state would not be prohibited from constructing such a facility, it would likewise not be prohibited from insuring such a facility or rebuilding it in the event that it was otherwise destroyed.
Sincerely,
ROBERT M. SPIRE Attorney General
John Boehm Assistant Attorney General